# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **GEORGE PONSELL** | **CIVIL ACTION NO. 05-2197** |
| **VS.** | **SECTION P** |
| **HON. CARL VAN SHARP** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983 on October 20, 2005,[1] by *pro se* plaintiff George Ponsell. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is serving a life sentence imposed following his convictions on two counts of aggravated incest and his subsequent adjudication as a third felony habitual offender in Louisiana's Fourth Judicial District Court, Ouachita Parish.[2]

Plaintiff has been permitted to proceed *in forma pauperis*. He has named a single defendant, Fourth Judicial District Court Judge Carl Van Sharp. Plaintiff seeks injunctive relief, specifically, an order for the in-camera inspection of the 1999 Pre-Sentence Investigation report prepared in his case to determine whether or not the report contains exculpatory evidence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

---

[1] Plaintiff filed his complaint in the United States District Court for the Middle District of Louisiana. On December 13, 2005, Magistrate Judge Christine Noland transferred the complaint to this court.

[2] See *State of Louisiana v. George Ponsell*, 33,543 (La.App. 2 Cir. 8/23/00), 766 So.2d 678.

1

following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

Plaintiff claims that when sentenced, "... his counsel noted exculpatory information contained within the Pre-Sentencing Investigation Report (PSI). This information, asserted by Plaintiff's former landlord to the parole officer conducting the investigation, reflects that the allegations which formed the basis for the criminal charges against Plaintiff were purely fabricated and related to arresting authorities." Plaintiff claims that since sentencing he has attempted to obtain an in-camera inspection of the PSI to determine "if in fact it does contain such information which would be favorable to Plaintiff's claim of innocence..." He claims that his post-conviction efforts to obtain an in-camera inspection have proved futile. He further claims that "...he can produce testimony and/or obtain further investigation into the assertions by the landlord that the charge against him was fabricated..." [Doc. 1-1, ¶IV]

As stated above, he seeks an "in-camera" inspection of the PSI Report.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted.

2. Judicial Immunity/Injunctive Relief

Judges are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of his judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir.1991). Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In the instant case however, plaintiff does not seek damages and therefore additional analysis is required.

The Supreme Court has held that "judicial immunity is not a bar to prospective [injunctive] relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). Nevertheless, in order to obtain injunctive relief a civil rights plaintiff must show that there is no adequate remedy at law and a serious risk of irreparable harm. *Id.* at 537, 104 S.Ct. at 1978. See *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) (The Supreme Court has "repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies.")

The jurisprudence holds that where a plaintiff's complaint does not meet the requisite showing for injunctive relief against a judge, the complaint should be dismissed.[3] Here, plaintiff

---

[3] In *Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir.1989), the court held that an inmate who sued a state court judge alleging deliberate falsification of a transcript was not entitled to injunctive relief because he had an adequate remedy at law. The court recognized that the inmate could challenge the judge's conduct in a post-conviction proceeding or in federal court in a *habeas corpus* proceeding. *Id.*

In *Affeldt v. Carr*, 628 F.Supp. 1097 (N.D.Ohio 1985), the court dismissed an action for damages, declaratory relief and injunctive relief against a United States magistrate judge based on alleged violations of the plaintiff's

4

has not shown that he is without a sufficient remedy at law. The so-called exculpatory evidence was discovered "... [a]t the time of plaintiff's sentencing ..." Plaintiff could have raised this issue on direct appeal or through Louisiana's post-conviction process and, ultimately, he could have raised the issue in a federal *habeas corpus* petition.

Beyond that, plaintiff's complaint and his request for relief are nonsensical. He seeks the "in camera" inspection of a PSI Report prepared in anticipation of his sentencing some six or seven years ago. Of course, the sentencing judge did in fact inspect the document in question. He apparently found no exculpatory evidence. Likewise, according to the complaint, plaintiff's trial attorney was aware of the contents of the PSI Report but apparently did not consider the evidence sufficiently exculpatory so as to warrant further review. Finally, plaintiff was apparently made aware of the nature of the evidence but has chosen not to contest his conviction based upon this evidence. He does not show how further "inspection" (in camera or otherwise) of the PSI Report will be of benefit to him.

---

constitutional rights. The Court recognized that judges can be sued for injunctive relief under *Pulliam*, however the court found that the requirements for injunctive relief had not been satisfied. *Id.* at 1102. The court found that plaintiff had an adequate remedy at law since he could appeal the magistrate's decision. *Id.* at 1103. As an alternative, the court held that the plaintiff could have sought to have the magistrate disqualified. *Id.* Finally, the court held that the plaintiff had not shown an irreparable harm or injury and that the greater injury would "be caused to the administration of justice and the ability of the magistrate to perform his duties" if the court were to grant the declaratory and injunctive relief sought. *Id.* Thus, the court held that injunctive relief against the magistrate was not available.

In *Mullis v. U.S. Bankruptcy Court for District of Nevada*, 828 F.2d 1385 (9th Cir.1987), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988), the court dismissed plaintiff's claims for damages and injunctive relief against a bankruptcy judge under 28 U.S.C. §§ 2201 and 2202. The plaintiff sought an order declaring that the judge had violated his constitutional rights during the bankruptcy proceedings and an injunction ordering the dismissal of the bankruptcy case and prohibiting the enforcement of any orders or judgments entered during the proceedings. *Id.* at 1391. The district court held that the doctrine of judicial immunity barred plaintiff's claims for both declaratory and injunctive relief. *Id.* The Ninth Circuit affirmed, finding that the bankruptcy litigant had an adequate remedy at law because he could (1) appeal the bankruptcy judge's opinion to the district court; (2) seek a writ under 28 U.S.C. § 1651; (3) move to withdraw the reference to the bankruptcy court; or (4) move to disqualify the bankruptcy judge. *Id.* at 1392.

In short, plaintiff's civil rights complaint seeking injunctive relief is patently frivolous and dismissal on that basis is appropriate.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted all in accordance with the provisions of 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 11th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE